UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JODIE WIGHT, | ) | 2:12-cv-1170 JWS |
|        Plaintiff, | ) | |
| | ) | |
|   vs. | ) | ORDER AND OPINION |
| | ) | |
| ACHIEVE HUMAN SERVICES, INC. | ) | [Re:   Motion at docket 7] |
| and CAROL CARR, | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 7, defendants move for an award of attorney's fees.  The motion is opposed by plaintiff Wight at docket 11.  A timely reply was not filed.[1]  Oral argument was not requested.

## II.  BACKGROUND

Wight filed this lawsuit in state court alleging that defendants discriminated against her in connection with her employment in violation of Title VII of the Civil Rights Act.  Wight also pled state law claims arising from defendants' alleged conduct.  The case was timely removed to this court on federal question grounds.

---

[1]The court has not considered the untimely reply filed at docket 12.

Defendants then moved to dismiss contending Wight had failed to exhaust compulsory administrative remedies before filing her Title VII claims and her Arizona civil rights claims.  Belatedly recognizing the hole in his boat, Wight filed a notice of dismissal before answer.  The notice was effective to close the case without an order from the court, because it was filed prior to the filing of either an answer or a summary judgment motion by defendants.[2]

### III.  DISCUSSION

The gist of defendants' motion is that the lawsuit was frivolous, because clearly established law requires exhaustion of administrative remedies as a prerequisite to the suit against Achieve Human Services, Inc., Wight's employer, and the law forecloses a discrimination claim against defendant Carr, Wight's supervisor.  Defendants also rely upon the fact that they pointed out these flaws to Wight's lawyer, who failed to dismiss the case before defendants filed their motion to dismiss.

The case was filed in state court on May 11, 2012.  On May 24, 2012, defense counsel faxed a letter to Wight's lawyer which stated, among other things, the following:

> As you know, a plaintiff must exhaust all administrative remedies before filing a lawsuit based on Title VII or the Arizona Civil Rights Act.  *Tanious v. IRS*, 915 F.2d 410, 411 (9th Cir. 1990); *see also Lewis v. City of Chicago*, 130 S.Ct. 2191, 2196-96 [sic] (timely filed EEOC charge is prerequisite to litigation); *Bodett v. CoxCom*, 366 F.3d 736, 740 (9th Cir. 2004) (noting that plaintiff's claim for retaliation under the Arizona Civil Rights Act was dismissed for failure to first file a claim with the Arizona Civil Rights Division).

> Additionally, the claims against Ms. Carr individually must be dismissed and may not be filed with the EEOC.  The Ninth Circuit has held that

---

[2]Fed. R. Civ. P. 41(a)(1)(A)(i).

individual supervisors cannot be personally liable under Title VII. *Miller v. Maxwell's Intern. Inc.,* 991 F.2d 583, 587 (9th Cir. 1993).[3]

The letter accurately set out the relevant legal principles.[4]  The letter went on to advise that if the case were not voluntarily dismissed, a motion to dismiss would be filed, and that sanctions, including an award of attorneys' fees, would be sought.[5]

Defendants seek an award of fees pursuant to several statutory provisions. Defendants move "for an award of attorneys' fees pursuant to A.R.S. § 12-341.01(A) and (C), Title VII of the Civil Rights Act (42 U.S.C. § 1988), the Arizona Civil Rights Act (A.R.S. § 41-1481(J)), A.R.S. § 12-349, and 28 U.S.C. § 1927."[6]

In his response, Wight's lawyer does not dispute his failure to file an administrative claim prior to initiating the lawsuit, but points out that after the motion was filed he did dismiss the case, filed a claim with EEOC, and "did not stop trying to settle the matter and there is no showing that the Plaintiffs [sic] Counsel were attempting to do anything that unreasonably and vexatiously multiplied the expenses of Defendants."[7] The response contends that an award is therefore inappropriate, because Wight's lawyer did not unnecessarily multiply the proceedings.  The response does not address

---

[3]Doc. 10-1 at p. 11.

[4]"Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge." *Lewis v. City of Chicago, Ill.*, 130 S.Ct. 2196-97 (2010). *Madden-Tyler v. Maricopa County*, 943 P.2d 822, 828-29 (Ariz. 1997) (recognizing administrative charge must be filed in order to pursue lawsuit under Arizona Civil Rights statute). *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583 (9th Cir. 1993) does foreclose the claim against Ms. Carr.  It is an old case which has attracted considerable negative comment outside the Ninth Circuit, but it remains the law of this circuit.

[5]*Id.* at p. 2.

[6]Doc. 7 at p. 2.

[7]Doc. 11 at pp. 5-6.

defendants' request for fees based on any of the other statutes cited by the defendants in their motion.

The court turns first to defendants' request for an award based on A.R.S. § 12-341.01(A).  That statute provides for the award of reasonable attorney's fees to the successful party in an action arising out of a contract.  It is inapplicable, because the claims here arise from alleged violations of federal and state laws.  The complaint alleges Wight was an at-will employee and does not make any claim based upon breach-of-the-employment contract.[8]

A.R.S. § 12-341.01(C) directs a court to award "reasonable attorney fees in any contested action upon clear and convincing evidence that the claim . . . constitutes harassment, is groundless and is not made in good faith."  Under the circumstances here, the claims pled by Wight's lawyer were groundless.  However, the record does not establish by "clear and convincing evidence" that the lawsuit was brought for purposes of harassment and in bad faith.  Based on the available record, the incompetence of Wight's lawyer is at least as likely an explanation as any ill-willed intention to harass.

Defendant's memorandum correctly points out the claim for fees under A.R.S. § 41-1481(J) and Title VI, 42 U.S.C. § 1988 are governed by the same standards.[9]  Recently, the Supreme Court re-iterated the well-known proposition that § 1988 authorizes a district court to award attorney's fees to a defendant "'upon a finding that

_____

[8]Doc. 1-1.

[9]*Harris v. Maricopa County Superior Court*, 631 F.3d 963 (9th Cir. 2011).

-4-

the plaintiff's action was frivolous, unreasonable, or without foundation.'"[10] Of further significance in the case at bar, an award may be made even if there is no evidence of subjective bad faith on the part of the plaintiff.[11]  It should also be noted that the district court should make its determination as of the date when plaintiff filed the complaint.[12]  At the time it was filed, Wight's complaint was "frivolous, unreasonable and without foundation," because established law showed that it could not be maintained absent the exhaustion of administrative remedies.  Nothing in Wight's response vitiates this conclusion.  It may be that the § 1983 claims ultimately will be found to have merit, but it is beyond cavil that they lacked the foundation required by law at the time this lawsuit was filed.

Awards of attorney's fees under 28 U.S.C. § 1927 are not frequently made.  In any event, because there is statutory law more directly in point–42 U.S.C. § 1988–the court declines to consider the parties' argument relating to § 1927.

The remaining issue is how much should be awarded.  Defendants' actual attorney's fee were $4,081.00.  The basis for this amount is itemized in a log showing precisely what each timekeeper (lawyers Nunn-Gilman and Pace, and paralegal Wheat) billed[13] and supported by an affidavit from defendants' senior lawyer setting out the

---

[10]*Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

[11]*E.g., San Diego Police Officers' Ass'n v. San Diego*, 568 F.3d 725, 742 (9th Cir. 2009) (recognizing that no finding of plaintiff's subjective bad faith is needed for an award to a defendant).

[12]*Harris,* 631 F.3d at 976.

[13]Doc. 10-1 at p. 9.

experience and qualifications of the timekeepers and averring that their hourly rates are consistent with hourly rates prevailing in the community.[14]  Wight contends that this amount is unreasonable.  Wight does not specifically contest the hourly rates, nor does he contest any of the specific time entries.  Instead, he relies solely on a declaration from his lawyer, Mr. Hossler, which states in pertinent part: "Defendants are claiming $5,000 in attorneys' fees for a Motion to Dismiss when it should be for no more than $500" and goes on to assert, "Defendants are asking for attorneys' fees in a grossly unreasonable amount."[15]  Setting aside doubts about the declarant's competence reflected in the original decision to file the lawsuit prematurely, there are obvious shortcomings in the declaration.  To begin with, the amount sought by defendants is not $5,000, but $4,081.  The inattention to detail reflected in misstating the amount sought is minor in comparison to the complete lack of any detail to support the assertion that the fees should have been $500.  In essence, Wight's response on the value of the services rendered by defense counsel is itself valueless.

The court has examined the supporting materials provided by defense counsel. Based on Ms. Pace's affidavit and the court's own knowledge of rates charged in Phoenix in civil rights and general civil litigation,[16] the court concludes that the hourly rates used to calculate the fees are reasonable.  Examination of the itemized entries raises only one area of concern.  The court notes that both Ms. Nunn-Gilman and

---

[14]Affidavit of Julie A. Pace, doc. 10-1 at pp. 14-17.

[15]Declaration of David J. Hossler (misidentified in the footer as Declaration of Michelle Renee Huff), doc. 11-1 at p. 2.

[16]The assigned judge is a visiting judge, but one who has handled in excess of 1,500 Phoenix and Prescott civil cases.

Ms. Pace charged for revising the motion to dismiss.  The court recognizes that draft documents must be carefully reviewed and revised as appropriate.  Nonetheless, given the amount of time that went into researching and working on the motion, the court concludes that the 2.1 hours spent on revisions by Ms. Nunn-Gilman when added to the 1.3 hours spent on revisions by Ms. Pace are excessive.  The court will reduce each of these items by 50%.  This reduces Ms. Nunn-Gilman's revision work to 1.05 hours and Ms. Pace's revision work to .65 hours.  The corresponding reductions expressed in dollars computed at their standard hourly rates are $309.75 for Ms. Nunn-Gilman and $256.75 for Ms. Pace, yielding a total reduction of $566.50.  The total to be awarded as a reasonable attorney's fee is therefore $3,514.50.

The decision to file suit against the supervisor when such was foreclosed by existing law, as well as the decision to file suit prior to exhausting required administrative remedies, doubtless reflects the judgment of Wight's lawyer.  He was the one who should have known the law and followed it.  Accordingly, the award of fees will be made against Mr. Hossler, not Ms. Wight.

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 7 is GRANTED in part as follows: Plaintiff's counsel David J. Hossler shall tender payment of the sum of $3,514.50 to defendants' counsel for the benefit of defendants within 28 days from the date of this order.

DATED this 21st day of September 2012.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE